UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID LESTER,

                Plaintiff,

                                       **Hon. Hugh B. Scott**

                v.

                                       04CV850S

                                         **Order**

M & M KNOPF AUTO PARTS and
DELCO REMY AMERICAN, INC.,

                Defendants.

Before the Court is defendants' (M&M Knopf Auto Parts and Remy, Inc.[1]) motion to compel (Docket No. 20, July 12, 2005). Here, defendants seek plaintiff to respond to first and second document demands and answer their first set of interrogatories, and to produce initial disclosure.

### BACKGROUND

In this 42 U.S.C. § 1981 job discrimination action, defendants move to compel. The parties agreed to a discovery plan (see Docket No. 14, Feb. 2, 2005) that called for serving initial disclosure by February 4, 2005, but plaintiff never made those disclosures (Docket No. 20, Defs. Atty. Aff. ¶¶ 3, 5, Ex. B). Defendants then served their first set of interrogatories and request for production of documents that plaintiff has disregarded (id. ¶¶ 4, 6, Ex. A). They then served a second demand for production of documents which plaintiff has not responded to (id. ¶¶ 7, 8, Ex.

---

[1] As noted by defendants, formerly known and incorrectly identified by plaintiff as Delco Remy American, Inc.

C, D). Pursuant to Federal Rule of Civil Procedure 37(a) and this Court's Local Civil Rule 37, defendants made repeated demands for this production, but heard nothing from plaintiff (id. ¶¶ 9, 10, 11, Ex. E-F). They note that plaintiff has not filed a motion for an extension of time (id. ¶ 12). They also contend that they cannot proceed with the case (for example, prepare for an August 17, 2005, settlement conference or draft a summary judgment motion) without this discovery from plaintiff (Docket No. 20, Defs. Motion, ¶ 10). Thus, defendants move to compel plaintiff's responses to the outstanding discovery and to recover their reasonable motion costs.

Plaintiff responds in a two-line affirmation declaring (without supporting evidence) that states (among other things) that "all discovery heretofore requested by Defendants has been provided as of this date." (Docket No. 22, dated July 29, 2005.) Plaintiff, however, does not state when that production was commenced or completed and does not produce copies (for example) of the covering correspondence for the discovery responses. In their reply, defendants contend that they received plaintiff's discovery on August 1, 2005 (Docket No. 23, Defs. Reply ¶ 3), and apparently plaintiff sent his discovery production when he filed and served the response to the motion. Under Rule 37(a)(4), defendants demand that plaintiff or his counsel pay defendants' reasonable motion costs as a sanction (id. ¶ 7).

## DISCUSSION

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d 1994). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence,

description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1)(B). Evasive or incomplete disclosure is to be treated like a failure to disclose. Fed. R. Civ. P. 37(a)(3).

Failure to produce and compelling the opponent to seek an order compelling discovery exposes the party (and/or its attorney) to sanctions. See generally id. R. 37. Even if the party produces discovery in the face of a motion to compel, that party remains subject to Rule 37 sanctions, see id. R. 37(a)(4)(A). If a motion to compel is granted or if a party (like plaintiff here) provides disclosure after a motion to compel is filed, the court "shall" require the opposing party (and/or counsel advising that party) to pay to the Halls their reasonable motion expenses, unless the Court finds that the refusal to produce was substantially justified or other circumstances makes an award of expenses unjust. Fed. R. Civ. P. 37(a)(4)(A).

Defendants moved to compel on July 12, 2005. Plaintiff, however, gave a two-line response to this motion claiming that all discovery has been responded to as of the date of that affirmation (Docket No. 22, Pl. Atty. Affirm.), without stating exactly when that production occurred. Since the Federal Rules do not require filing of discovery except upon Order of the Court or when otherwise required in the proceeding, Fed. R. Civ. P. 5(d), W.D.N.Y. Local Civ. R. 7.1(a)(1), 26(g), the Court cannot independently verify whether plaintiff has fully responded to the outstanding discovery demands or the timing of that response. Defendants' Reply indicates

that they received plaintiff's discovery and disclosure on August 1, 2005 (Docket No. 23, Defs. Reply ¶ 3), without complaining about the completeness of that production. If plaintiff responded after the motion was filed, he is subject to sanction. Plaintiff may have produced (cf. Docket No. 22, Pl. Atty. Affirm. ¶ 2) in the face of the Halls' motion. Such production, however, does not avoid sanction, see Fed. R. Civ. P. 37(a)(4)(A). Absent a complaint from defendants on the completeness of plaintiff's disclosure, so much of defendants' motion to compel **is deemed moot** upon plaintiff's production.

Since it appears that plaintiff complied with defendants' discovery demands and initial disclosure requirements after the defendants filed this motion, plaintiff remains subject to sanction of defendants' reasonable motion expenses. Sanctions can be excused here only if (a) defendants failed to make (or adequately document) good faith efforts to resolve this discovery dispute short of court intervention, (b) plaintiff's nondisclosure was substantially justified, or (c) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A). As for the first basis to excuse a sanction, defendants here documented their attempts in good faith to try to obtain this discovery and disclosure short of motion practice (Docket No. 20, Defs. Motion ¶¶ 2, 6, 7, 8, Exs. B, E, F, Defs. Atty Aff.; Docket No. 23, Defs. Reply ¶ 5). Plaintiff's scant response to this motion does not provide a basis for this Court to find that his nondisclosure or delay in disclosure was substantially justified or present other circumstances to make a sanctions award unjust. Thus, there is no basis to avoid sanction here.

Defendants are to file an affidavit of the reasonable costs relative to their motion within five (5) business days of entry of this Order; plaintiff may file a reply within five (5) business days after service of that affidavit. See also Fed. R. Civ. P. 6(a) (time computation). The Court

then will consider the defendants' application and issue another Order determining defendants' reasonable motion costs.

## CONCLUSION

As stated above, defendants M&M Knopf Auto Parts and Remy, Inc.'s motion to compel (Docket No. 20) is **granted**.  Defendants are to file an affidavit of their reasonable motion costs within five (5) business days of entry of this Order; plaintiff may file a reply within five (5) business days after service of that affidavit.  The Court then will consider the defendants' application submitted and issue another Order as to the reasonable costs to be awarded as a sanction.

So Ordered.

s/HBS  
Hon. Hugh B. Scott  
United States Magistrate Judge

Dated: Buffalo, New York  
       August 5, 2005