UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID LESTER,

                Plaintiff,

                                                              **Hon. Hugh B. Scott**

                v.

                                                              04CV850S

                                                              **Order**

M & M KNOPF AUTO PARTS and
DELCO REMY AMERICAN, INC.,

                Defendants.

Before the Court is defendants' (M&M Knopf Auto Parts and Remy, Inc.[1]) motion to compel (Docket No. 20, July 12, 2005). Here, defendants sought plaintiff to respond to their first and second document demands and answer their first set of interrogatories, and to produce initial disclosure. This Court granted that motion (Docket No. 24, Aug. 5, 2005) and allowed defendants to submit an affidavit of their reasonable costs associated with the motion within five business days of filing of that Order, or by August 12, 2005 (Docket No. 24), and plaintiff was to respond to that affidavit within five business days of its service. Defendants served such an affidavit (Docket No. 27) and plaintiff made a timely response to that affidavit (Docket No. 28).

DISCUSSION

Defendants only seek to recover their attorneys' fees and not other motion expenses. They submitted that their counsel (an attorney from Indiana) spent less than six hours preparing

---

[1] As noted by defendants, formerly known and incorrectly identified by plaintiff as Delco Remy American, Inc.

the motion, including reviewing the underlying facts of the case, drafting the papers, reviewing local rules of practice, and conferring with local counsel (Docket No. 27, Defs. Atty. Aff. ¶ 6, Ex. 1).  At an attorney's fee rate of $238 per hour, defendants claim $1,380.40 as reasonable expenses associated with this motion (id. ¶ 6, Ex. 1).  Defendants, however, do not state how many years experience their counsel has and whether the rate quoted is reasonable for practitioners in the Western District of New York.

Plaintiff objects to defense counsel's rate and the claimed amount of time expended (Docket No. 28, Pl. Atty. Affirm. ¶¶ 6, 4, 5).  He contends that the requested fee is "ridiculously high," that movants' counsel could have taken one hour to prepare the motion rather than nearly six hours claimed (id. ¶¶ 4, 5).  He notes that defendants did not justify the attorney's hourly rate of $238, concluding either that defendants should not be awarded anything for their extravagant request or at most no more than $200 (id. ¶¶ 6, 7).  Plaintiff, however, does not suggest an alternative rate, implicitly (and mathematically) suggesting an hourly rate of no more than $200 per hour for the one hour of justifiable time in crafting the motion papers.

Under Rule 37, the movant is entitled to <u>reasonable</u> costs and attorneys' fees.  "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288, at 666-67 (Civil 2d ed. 1994); <u>see also</u> <u>Addington v. Mid-American Lines</u>, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.  <u>See</u> <u>Kahn v.</u>

General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

From the Court's independent review of defendants' fee application, the amount claimed is high. The time expended in preparing the motion (a two-page notice of motion and a six-page supporting affidavit) is excessive. The Court notes that defendants do not claim the time expended in drafting the reply papers in this motion. While plaintiff objects to the 5.8 hours claimed by defendants, a reduction to 1 hour plaintiff seeks is too extreme. From the Court's review of defendants' papers, including the reply affidavit not claimed by them, defendants are entitled to recover two hours of attorneys' time as the reasonable expense for the motion. Defendants seek time counsel spent conferring with local counsel about oral argument when the Court submitted the motion without oral argument (see Docket No. 21).

As for the attorney's fee rate, defense counsel does not provide a basis to justify the amount, either within this District or upon counsel's level of experience as an attorney and in these types of commercial cases. From a review of recent attorneys' fee cases (in discovery matters as well as civil rights attorneys' fee awards) in this District reveals that the acceptable prevailing rate is $135-250, depending upon the level of the attorney's experience. See, e.g., DirecTV, Inc. v. Rowland, No. 04cv297, Order, Docket No. 49, at 5, 6 (W.D.N.Y. June 10, 2005) (Scott, Mag. J.)(awarding fee for discovery sanction with senior partner rate of $290 per hour and second-year associate rate of $145 per hour); Arons v. Lalime, 167 F.R.D. 364 (W.D.N.Y. 1996) (Heckman, Mag. J.)(award fees for $135 and $145 per hour attorneys' rates for motion to compel sanction); Beckford v. Irvin, No. 96cv273, 1999 WL 605677 (W.D.N.Y. June 24, 1999) (Heckman, Mag. J.) (approving rate of $175-150 per hour in civil rights action); Alnutt

v. Cleary, 27 F. Supp. 2d 395, 399-401 (W.D.N.Y. 1998) (Larimer, Ch. J.) (reviewing rates in 1990s for mid-level associates, ranging from $110 to $205 per hour in civil rights action, noting rates would be higher in 1998 when that was decided). While plaintiff suggest either awarding no fee or a rate up to $200, a rate of $200 is closer to this community's prevailing marketplace rate. Absent proof that defendants' higher rate would be prevailing in this District or evidence of defense counsel's experience and expertise to warrant a higher rate, the Court will apply the $200 per hour rate as the reasonable amount for making this motion. Therefore, at the rate of $200 per hour, defendants are entitled to $400 for two hours expended to draft this motion as their reasonable expenses.

## CONCLUSION

For the reasons stated above, defendants' motion for discovery sanctions (Docket No. 20, see Docket No. 24) is **granted in part**, as indicated above, as against plaintiff. Plaintiff is to pay defendants **$400.00** as sanction. The Court finds that this amount is a reasonable amount for motion expenses.

So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
        August 22, 2005